UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| FARVA JAFRI,  *Plaintiff*, | ) 3:21-CV-00963 (KAD) ) ) |
| v. | ) ) |
| TOWN OF NEW CANAAN, et al.,  *Defendants*. | ) ) ) |
| | ) FEBRUARY 4, 2022 |

**MEMORANDUM OF DECISION RE: MOTIONS TO DISMISS (ECF NOS. 32, 37, 40)**

Kari A. Dooley, United States District Judge

Plaintiff, Farva Jafri, commenced this civil rights action against the Town of New Canaan and several of its employees ("Town Defendants"). She alleges, *inter alia*, that she was discriminated against on account of her race and religion when she was given a ticket for illegal parking and again thereafter at a July 11, 2019 meeting of the New Canaan Parking Commission ("Commission meeting") at which she contested the ticket. Plaintiff has also brought defamation and false light libel claims against Hearst Media Services Connecticut, LLC,[1] Grace Duffield, Albert Branch, Patch.com, Michael Dinan and The New Canaanite-Newshound LLC, ("Media Defendants") each of whom allegedly published false and defamatory accounts of the Commission meeting in the days that followed. The Media Defendants have moved to dismiss the claims against them on a variety of bases. Because the Court concludes that it does not have supplemental jurisdiction over the state law claims against the Media Defendants, those motions are granted.

**Allegations**

---

[1] Plaintiff named New Canaan Advertiser and Stamford Advocate as Defendants in this action, both of which are newspapers published by Hearst Media Services Connecticut, LLC. Hearst Media Services Connecticut, LLC appeared in this action in place of those Defendants.

1

Plaintiff's factual allegations are summarized as follows: Plaintiff is a licensed attorney. She is a Pakistani-American Muslim who grew up in North Castle, New York. Although she moved from North Castle to escape discrimination and to pursue her higher education, in 2018, Plaintiff was diagnosed with a brain tumor and returned to North Castle to be closer to her treatment and her family. Plaintiff began studying for the Bar examination during her recovery and occasionally drove for Uber to earn money. On March 18, 2019, a resident of Pound Ridge, New York (which borders New Canaan) requested an Uber for a trip to Stamford Hospital. During the trip, the Uber client directed the Plaintiff to stop at Chase Bank in New Canaan, Connecticut. At the bank, Plaintiff waited in the car, with the car running in what was marked as a "No Parking" zone. Defendant Pia gave Plaintiff a ticket for being illegally parked in a no parking zone. Plaintiff protested that she was not parked and was advised that she could contest the ticket. Plaintiff observed Defendant Pia tell other drivers who were also "standing" in no parking zones to move along but did not issue tickets to these other drivers. When the Uber client returned, Plaintiff told him about the ticket at which point he told her that she was targeted because she is "black" and that New Canaan is a notoriously racist town. The Uber client called the Parking Commission and complained about the ticket. He further accused Defendant Pia of targeting the Plaintiff because of her race. No action was taken by the Commission.

Plaintiff appealed the ticket and was given a date of May 2, 2019, but she was unavailable and asked for a later date. Notwithstanding, by letter dated May 8, 2019 the Chairperson of the Parking Commission notified her that the citation had been upheld. Plaintiff objected to the decision, reiterated her accusations of a race-based ticket and asserted a denial of her due process rights. Plaintiff was given a new date of July 11, 2019 to appeal her parking ticket.

At the hearing, Plaintiff was treated differently from a white person who was also contesting a ticket. After she explained that she was standing and not parked, several of the Town Defendants said they would take testimony from Defendant Pia, even though no other testimony in any other case had been taken. At the hearing Defendant Pia lied and stated that the car was parked and that the Plaintiff was in the passenger seat. After Plaintiff reacted to Defendant Pia's "racially-motivated lie, [t]he white mob audience accused [Plaintiff] of 'playing the race card.'" Complaint at 11, ¶ 47. She continued to argue with the town officials and eventually was directed to "stop speaking about her case." *Id.* at 12, ¶ 49-50. Ultimately, Plaintiff paid the ticket under protest.

During the Commission meeting, Defendant Dinan of Newshound LLC "hovered over [Plaintiff] with a phone camera," was intimidating and stuck a phone in her face while she asked him to stop. Defendant Duffield of the Stamford Advocate was also present. Plaintiff alleges that these Media Defendants wrote and published false and defamatory statements about her which portrayed her in a false light. She further asserts that, though not present at the Commission meeting, Media Defendants Branch and Gregory Hilton[2] republished the defamatory and false statements.

Based on the foregoing, Plaintiff asserts the following claims: deprivation of civil rights against the Town Defendants (Count One); Municipal Liability and Due Process against the Town of New Canaan (Count Two); Assault against Defendant Dinan (Count Three); False Light Libel against the Media Defendants (Count Four); and Defamation against the Media Defendants (Count Five).

**Discussion**

---

[2] Gregory Hilton is a non-appearing defendant.

Plaintiff's claims against the Town Defendants are brought pursuant to 42 U.S.C. § 1983 and therefore arise under federal law. This Court has original jurisdiction over those claims. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States."). The claims against the Media Defendants arise under state law and therefore, the Court has supplemental jurisdiction to adjudicate those claims only to the extent that the requirements of 28 U.S.C. § 1967 are met.[3]

Section 1967(a), applicable here, provides in pertinent part that federal courts may exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Claims "form part of the same case or controversy" if they "derive from a common nucleus of operative fact." *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011); *see also, Promisel v. First Am. Artificial Flowers Inc.,* 943 F.2d 251, 254 (2d Cir.1991).

> The "common nucleus" standard hails originally from *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), a pre- § 1367 case addressing pendent jurisdiction. When both pendent and ancillary jurisdiction were codified in 1990 as § 1367, however, the "common nucleus" test was retained by nearly all the Circuits to interpret the statute's "case or controversy" language. *See, e.g.,* 16 Moore & Pratt, *Moore's Federal Practice* § 106.21[1] (3d ed.1998) (collecting cases).

*Achtman v. Kirby, McInerney & Squire, LLP,* 464 F.3d 328, 335 (2d Cir. 2006). In deciding whether two disputes arise from a "common nucleus of operative fact," courts "have traditionally asked whether 'the facts underlying the federal and state claims substantially overlapped . . . [or] the federal claim necessarily brought the facts underlying the state claim before the court.'" *Id*. (internal citations omitted).

---

[3] The Plaintiff does not and cannot invoke the Court's diversity jurisdiction.

Against these standards, it is clear that the Court is without supplemental jurisdiction to adjudicate the claims against the Media Defendants. The claims against the Media Defendants are wholly separate and distinct, factually and legally, from the claims against the Town Defendants. The latter involve the circumstances giving rise to Plaintiff's parking ticket; whether the ticket was motivated in whole or in part by racial or religious animus; the circumstances surrounding Plaintiff's objection to the ticket and her appearance at the Commission meeting. The claims against the Media Defendants arise out of their presence at and subsequent reporting of the Commission meeting and have no relation to the question of whether the Plaintiff was discriminated against by the Town Defendants. As a result, proof needed to establish the discrimination claims[4] against the Town Defendants will have little to no bearing on the state law claims against the Media Defendants. And conversely, proof needed to prove the defamation[5] and false light[6] claims against the Media Defendants will have little to no bearing on the federal claims against the Town Defendants.[7] Further, the two sets of claims are subject to different legal and factual defenses. The Plaintiff brings, essentially, two different lawsuits within a single case. The only nexus that ties the two cases together is that both, as a factual matter, include the events of

---

[4] For example, "liability for an Equal Protection Clause violation under § 1983 requires personal involvement by a defendant, who must act with discriminatory purpose. [P]urposeful discrimination requires more than 'intent as volition or intent as awareness of consequences. . . . It instead involves a decisionmaker's undertaking a course of action because of, not merely in spite of, the action's adverse effects upon an identifiable group." *Reynolds v. Barrett*, 685 F.3d 193, 204 (2d Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

[5] "To establish a prima facie case of defamation, the plaintiff must demonstrate that: (1) the defendant published a defamatory statement; (2) the defamatory statement identified the plaintiff to a third person; (3) the defamatory statement was published to a third person; and (4) the plaintiff's reputation suffered injury as a result of the statement." *Simms v. Seaman*, 308 Conn. 523, 547–48, 69 A.3d 880 (2013).

[6] "The essence of a false light privacy claim is that the matter published concerning the plaintiff (1) is not true. . . ; and (2) is such a major misrepresentation of his character, history, activities or beliefs that serious offense may reasonably be expected to be taken by a reasonable man in his position." *Goodrich v. Waterbury Republican-Am., Inc.*, 188 Conn. 107, 131, 448 A.2d 1317, 1330 (1982) (citation omitted; internal quotation marks omitted).

[7] The same is true for the assault claim against Defendant Dinan. *See Maselli v. Reg'l Sch. Dist. No. 10*, 198 Conn. App. 643, 659, 235 A.3d 599, *cert. denied*, 335 Conn. 947, 238 A.3d 19 (2020) ("A civil assault is the intentional causing of imminent apprehension of harmful or offensive contact in another.").

July 11, 2019. But that is not enough to invoke this court's supplemental jurisdiction. *See Kyser v. Connecticut Southern R.R.*, No. 13-cv-86 (CHS), 2013 WL 3354425, at *4 (D. Conn. July 3, 2013) (finding no supplemental jurisdiction where third party complaint did not substantially overlap with the claims in the main complaint.); *see also Azevedo v. Club Getaway, Inc.,* No. 3:06-cv-1222 (VLB), 2008 WL 350479, at * 2 (D. Conn. Feb. 7, 2008) (finding no supplemental jurisdiction "[a]s there is no common nucleus of operative facts, nor any overlap between the facts necessary to prove the claims in the complaint and the third party complaint").

**Conclusion**

For the foregoing reasons, the Media Defendants' motions to dismiss (ECF Nos. 32, 37, 40) are GRANTED. The Clerk of the Court is directed to terminate Defendants Hearst Media Services Connecticut, LLC, Grace Duffield, Albert Branch, Patch.com, Michael Dinan and The New Canaanite-Newshound LLC. And in light of the foregoing, Plaintiff's motion to amend the complaint (ECF No. 52) is DENIED as moot.

**SO ORDERED** at Bridgeport, Connecticut, this 4th day of February 2022.

 /s/ Kari A. Dooley
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE